IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3233-FL

| | | |
|---|---|---|
| DANIEL G. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| S. BENNETT, MS. POWELL, MS. ERWIN, and SERGEANT ALSTON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous."

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff alleges that he received a letter with a sticker marked "'legal letter' from [defendant] Officer Perry ("Perry") during regular mail call" on October 20, 2015. (Compl. ¶ V). Plaintiff then gave the letter back to defendant Perry and asked her why his legal mail had been opened. (Id.) Defendant Perry responded that the mail room had opened the letter. (Id.) Plaintiff then raised the issue with defendant Sergeant Alston ("Alston"), and defendant Alston "stated she could not do anything." (Id.) According to plaintiff, defendants Perry and Alston should have filled out an incident report and reported the incident to their supervisor. (Id.) Defendants Perry and Alston, however, failed to report the incident, which plaintiff asserts is a violation of North Carolina Department of Public Safety ("DPS") policy. (Id.) In particular, plaintiff states that DPS policy provides that "legal mail shall be opened in the presence of the inmate" and that "[t]ampering with incoming and outgoing mail has been a serious problem of late at Warren Correctional Institution[.] (Id.) Plaintiff seeks the following relief:

> For all staff to be trained on Policy and Procedure concerning the distribution, handling, opening, searching, as well as what to do if legal mail has been opened by another staff member such as, but not limited to writing incident reports, filing formal complaints with facility head, as well as Regional Director's Office. I would like that to be a preliminary and permanent injunction. Also nominal damages in the amount of $1.00 against each defendant jointly and severally. Compensatory damages in the amount of $1,000.00 against each defendant jointly and severally. Punitive damages in the amount of $12,000.00 against each defendant jointly and severally. . . . Plaintiff's cost in this suit. For all defendants to be removed from their official positions within Dept. of Public Safety of N.C., and to never be allowed to hold a job within Dept. of Public Safety. . . .

(Id. ¶ VII).

Plaintiff is correct that legal mail may not be opened outside of the presence of the prisoner-addressee. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974). To state a claim for a legal-mail-related constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350–54 (1996). To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353 (footnote omitted); Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006). Plaintiff has not alleged that any legal claim has been frustrated or impeded. Rather, he seeks to hold prison officials liable for their failure to report the incident. However, "prison officials' failure to follow internal prison policies [is] not actionable under [section] 1983 unless the alleged breach of policy rises to the level of a constitutional violation." Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam), cert. denied, 134 S. Ct. 925 (2014). Finally, plaintiff has alleged an isolated incident of mail mishandling, which does not violate the Constitution. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Pearson v. Simms, 345 F. Supp. 2d 515, 519–20 (D. Md. 2003) ("A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability."), aff'd, 88 F. App'x 639 (4th Cir. 2004) (per curiam). Based upon the foregoing, the court DISMISSES this action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2017.

LOUISE W. FLANAGAN
United States District Judge